UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JAMES PENNICK<br>and DAWN PENNICK,<br><br>           Plaintiffs,<br><br>      v.<br><br>CITY OF CLOVERDALE,<br>DON PEARSON, PAT McFADDEN,<br>and JOHN DOE,<br><br>           Defendants. | )<br>)<br>)<br>)<br>)<br>)   2:05-cv-290-LJM-WGH<br>)<br>)<br>)<br>)<br>)<br>) |

**MAGISTRATE JUDGE'S RECOMMENDATION ON
DEFENDANTS' MOTION TO DISMISS FOR FAILURE
TO COMPLY WITH DISCOVERY ORDER**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on Defendants' Motion to Dismiss for Failure to Comply with Discovery Order filed August 3, 2006 (Docket No. 21) and this court's show cause order why this matter should not be dismissed for lack of prosecution (Docket No. 23). Plaintiffs' Memorandum in Opposition to defendants' motion and Plaintiffs' Response to Order to Show Cause were filed on August 18 and September 1, 2006, respectively. (Docket Nos. 24, 25).

The Magistrate Judge, being duly advised, now **RECOMMENDS** that the court **DENY** the Defendants' Motion to Dismiss for Failure to Comply with Discovery Order and **DISCHARGE** its show cause order. However, because this matter has been pending before the court for over ten months without the plaintiffs taking significant steps to bring the case to its conclusion, plaintiffs are

-2-

**DIRECTED** to answer the defendants' First Set of Interrogatories and First Request for Production of Documents within fifteen (15) days from the date of this order, whether they have new counsel or not.  If Ms. Arbogast wishes to withdraw in this matter, she must do so in compliance with S.D. Ind. L.R. 83.7(b) and advise the court of the address(es) where plaintiffs can be reached in the interim.

The following additional **ORDERS** are entered:

1.  Plaintiffs must commence discovery, whether with or without counsel, and complete all discovery in this matter within ninety (90) days of the date of this order.

2.  Any summary judgment motions in this case must be filed and served not later than one hundred twenty (120) days from the date of this order.

3.  A **SETTLEMENT CONFERENCE** is set for **THURSDAY, JANUARY 4, 2007,** at 10:00 a.m., Terre Haute time (EST), before the Magistrate Judge in Room 210, Federal Building, Terre Haute, Indiana.  **(See attachment for particulars, including description of which client(s) must attend.)**

4.  A trial date will be set at the conclusion of the January 4th settlement conference, if necessary.

The parties shall have ten (10) days from the date of filing of this Magistrate Judge's Recommendation to file objections thereto.

**Dated:**  October 5, 2006

_____
WILLIAM G. HUSSMANN, JR.
Magistrate Judge

**Electronic copies to:**

Janet R. Hill Arbogast
jarbogast@columbus.rr.com

Douglas Alan Hoffman
CARSON BOXBERGER
hoffman@carsonboxberger.com

## SETTLEMENT CONFERENCES BEFORE
## U.S. MAGISTRATE JUDGE WILLIAM G. HUSSMANN, JR.

Unless excused by order of the court, clients or client representatives with complete authority to negotiate and consummate a settlement shall attend the settlement conference along with their counsel.  This requires the presence of each party, or the authorized representative of each corporate, governmental, or other organizational entity.  For a defendant, such representative must have final settlement authority to commit the organization to pay, **in the representative's own discretion,** a settlement amount up to the plaintiff's prayer, or up to the plaintiff's last demand, whichever is lower.  For a plaintiff, such representative must have final authority, **in the representative's own discretion,** to authorize dismissal of the case with prejudice, or to accept a settlement in the amount of the defendant's last offer.  Any insurance company that is a party, or is contractually required to defend or indemnify any party, in whole or in part, must have a fully authorized settlement representative present at the conference.  Such representative must have final settlement authority to commit the company to pay, **in the representative's own discretion,** an amount within the policy limits, or up to the plaintiff's last demand, whichever is lower.  If trial counsel has been fully authorized to commit the client to pay or to accept in settlement the amount last proposed by the opponent, **in counsel's sole discretion,** the client, client representative, or insurance company, as applicable, need not attend.  Counsel are responsible for timely advising any involved non-party insurance company of the requirements of this order.  The purpose of this requirement is to have in attendance a representative who has both the authority to exercise his or her own discretion, and the realistic freedom to exercise such discretion without negative consequences, in order to settle the case during the settlement conference without consulting someone else who is not present.

Each party shall submit (not file) a confidential settlement statement directly to the Magistrate Judge no later than two business days prior to the conference, setting forth the relevant positions of the party concerning factual issues, issues of law, damages, and the settlement negotiation history of the case, including a recitation of any specific demands and offers that have been conveyed.

Any request to continue this conference must be in motion form and filed with the court no later than one week prior to the conference, except for emergencies.

**You are reminded of your obligation under Local Rule 16.1(c) which states: "Prior to all court conferences, counsel shall confer to prepare for the conference."**